UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RANDA LYNN KELLY,**

      **Plaintiff,**

v.                                                                          **Case No:   6:15-cv-726-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

___

# MEMORANDUM OF DECISION

Randa Lynn Kelly (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB").  Doc. No. 1.  Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) failing to weigh the opinion of her treating physician, Dr. James Shea; and 2) finding she can perform sedentary work when there was no evidence she could perform such work.  Doc. No. 17 at 12-15, 19-20.  Claimant argues the matter should be reversed and remanded for further proceedings.  *Id*. at 21.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**      **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.     ANALYSIS.

This appeal centers on the ALJ's failure to weigh Dr. Shea's opinion.  Doc. No. 17 at 12-19.  Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process for determining disability.  In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on

the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Claimant alleges an onset date of February 27, 2012, and is insured for DIB through December 31, 2016. R. 12, 14. On March 6, 2012, Claimant began treating with Dr. Shea, a pain management specialist. R. 428-32. Claimant treated with Dr. Shea on at least three (3) more occasions prior to his January 21, 2013 opinion. R. 433-37.[1]

The Commissioner argues Claimant's limited treatment history with Dr. Shea supports a finding that he is not a treating source. Doc. No. 17 at 17. A treating source is defined as the claimant's own physician who has provided the claimant with medical treatment or evaluation, and who has had an ongoing relationship with the claimant. 20 C.F.R. § 404.1502. A physician is not a treating source if the relationship "is not based on [the claimant's] medical need for treatment or evaluation, but solely on [the claimant's] need to obtain a report in support of [the claim] for disability." *Id.* The record reveals Dr. Shea treated Claimant on at least four (4) occasions prior to rending his opinion. R. 428-37. There is nothing in the record indicating Claimant treated with Dr. Shea solely to obtain a report in support of her claim for disability.

---

[1] Claimant also treated with Dr. Shea on at least one occasion after he rendered his January 21, 2013 opinion. R. 719-22.

Instead, the record reveals Claimant began treating with Dr. Shea due to pains she was experiencing. R. 428. On this record, the Court finds Dr. Shea is a treating source.[2]

On January 21, 2013, Dr. Shea completed a Physical Residual Functional Capacity Questionnaire. R. 710-14. Dr. Shea diagnosed Claimant with cervical spondylosis, cervical fusion status post surgery, lumbar spondylosis, and plantar fasciitis status post surgery. R. 710. Dr. Shea opined Claimant can sit for a total of two (2) hours in an eight-hour workday, and can sit in one place for twenty (20) minutes before needing to move. R. 711-12. Dr. Shea opined Claimant can stand/walk for a total of two (2) hours in an eight-hour workday, and can stand for twenty (20) minutes before needing to sit or walk around. *Id*. Dr. Shea opined Claimant would need a job that permits her to shift from sitting to standing at will. R. 712. Dr. Shea opined Claimant can occasionally lift ten (10) pounds, but never lift anything above twenty (20) pounds. *Id*. Dr. Shea opined Claimant could occasionally look down, turn her head left and right, and hold her head still, but rarely look up. R. 713. Dr. Shea opined Claimant can never twist, stoop, crouch/squat, climb ladders or stairs. *Id*. Dr. Shea opined Claimant is limited to handling objects for five percent (5%) of an eight-hour workday, fingering (*i.e.*, fine manipulations) for ten percent (10%) of an eight-hour workday, and reaching for five percent (5%) of an eight-hour workday. *Id*. Dr. Shea opined Claimant should avoid cold and damp areas, and moving equipment. R. 714. Dr. Shea opined Claimant's impairments have existed since February 28, 2012, and will likely result in her missing four (4) or more days of work per month. R. 713-14.

At step two of the sequential evaluation process, the ALJ found Claimant suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine; bilateral

---

[2] The ALJ appears to have reached the same conclusion. *See* R. 19 ("[O]f the claimant's primary care, orthopedic, rheumatologic, podiatric, and pain management providers, only one, the pain management specialist Dr. Shea completed a medical source statement[.]").

lower extremity disorders; a right hip disorder (as of July 20, 2013), and an affective disorder.  R. 14.  At step four of the sequential evaluation process, the ALJ found Claimant has the residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. § 404.1567(a), with the following additional limitations:

> [Claimant] can occasionally climb, balance, stoop, kneel, crouch and crawl.  She should avoid concentrated exposure to vibration.  She can understand, remember, and carry out simple instructions and perform simple routine tasks.

R. 16.[3]  In reaching this RFC, the ALJ discussed the medical evidence of record, including the treatment records from Dr. Shea.  R. 17-19.  The ALJ noted Dr. Shea was the only treating physician to provide an opinion concerning Claimant's functional limitations, stating he "opined the claimant can sit only two hours and stand/walk only two hours per workday."  R. 19.  However, the ALJ did not assign any particular weight to Dr. Shea's opinion or specifically address any of the other limitations contained therein.  *Id*.  To the extent the ALJ implicitly rejected the other limitations from Dr. Shea's opinion, he provided no reasons for doing so.  *Id*.

From the record, it is obvious the ALJ erred by not assigning any particular weight to Dr. Shea's opinion.[4]  The Commissioner argues the failure to weigh Dr. Shea's opinion does not warrant remand, because it is "sufficiently clear" the ALJ rejected the opinion, and there is substantial evidence to support his decision to do so, as well as his RFC determination.  Doc. No. 17 at 18.  The Commissioner's argument lacks merit.  The ALJ must state with particularity the weight given to each medical opinion of record.  *Winschel*, 631 F.3d at 1178-79.  That did not

---

[3] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

[4] This case is an example of an instance where the Commissioner frequently agrees further administrative review should occur and voluntarily moves for remand.  Such decisions promote the interest the parties and the Court have in obtaining a just, speedy, and inexpensive resolution of proceedings such as this.

occur with respect to Dr. Shea's opinion.  *See* R. 19.  Further, even assuming the ALJ rejected Dr. Shea's opinion, the ALJ failed to articulate any good cause reasons for doing so.  As previously mentioned, a treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *Winschel*, 631 F.3d at 1179.  That did not occur here, and absent a showing of good cause the Court is unable to conduct a meaningful review of the ALJ's decision to reject the majority of Dr. Shea's opinion regarding Claimant's limitations.[5]  Accordingly, the ALJ's decision must be reversed so he may state with particularity the weight assigned to Dr. Shea's opinion, and the reasons supporting the weight assigned to his opinion.[6]

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on June 14, 2016.

*/s/ Gregory J. Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[5] Although the Commissioner does not argue harmless error, the Court finds the error cannot be deemed harmless given the material discrepancies between Dr. Shea's opinion and the ALJ's RFC determination.  *Compare* R. 16 *with* R. 710-14.

[6] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors).

- 7 -

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801